1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HOSH D. THOMAS,                          Case No.   1:20-cv-01032-JDP)

12               Petitioner,                  FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS PETITION AS SECOND OR
13         v.                                 SUCCESSIVE

14   C. KOENIG,                               OBJECTIONS DUE IN THIRTY DAYS

15               Respondent.                  ECF No. 1

16                                            ORDER DIRECTING CLERK OF COURT TO
                                              ASSIGN CASE TO DISTRICT JUDGE
17

18         Petitioner Hosh D. Thomas, a state prisoner without counsel, petitioned for a writ of

19   habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  This matter is before us for preliminary

20   review under Rule 4 of the Rules Governing Section 2254 Cases.  *See* R. Governing § 2254

21   Cases 4; 28 U.S.C. § 2243.  Under Rule 4, a district court must dismiss a habeas petition if it

22   "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d

23   687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Courts have

24   "an active role in summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross*

25   *v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  We recommend that the

26   petition be dismissed as second or successive.

27

28

                                              1

**Discussion**

 "AEDPA places strict limitations on the ability of a petitioner held pursuant to a state judgment to file a second or successive federal petition for writ of habeas corpus." *Gonzalez v. Sherman*, 873 F.3d 763, 767 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)).  A claim presented in a "second or successive" petition under § 2254 that was presented in a prior petition "shall" be dismissed.  *See* 28 U.S.C. § 2244(b)(1); *Magwood v. Patterson*, 561 U.S. 320, 330 (2010).  A "claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal argument . . . [or] proved by different factual allegations.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir. 2013) (as amended) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)).  However, a petitioner may file a second or successive petition in the district court if he first obtains an order from the Ninth Circuit Court of Appeals authorizing such a filing.  *See* 28 U.S.C. § 2244(b)(3)(A); *Magwood*, 561 U.S. at 330-31; *Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018).

 On July 20, 2020, petitioner sought habeas relief in this court from his 2015 criminal conviction, claiming trial court error and ineffective assistance of counsel.  *See Thomas v. Koenig*, No. 1:20-cv-00996-JLT (E.D. Cal. July 20, 2020).  On July 22, 2020, the court ordered respondent to respond to the petition.  *Id*. at ECF No. 5.  Less than a week later, on July 27, 2020, petitioner filed the instant petition, in which he again challenges his 2015 conviction on claims of trial court error and ineffective assistance of counsel.  ECF No. 1.  Petitioner has presented no proof that he obtained authorization from the Ninth Circuit to file the second petition.  Therefore, we recommend that the petition be dismissed.

**Certificate of Appealability**

 A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a District Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further.  Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed, ECF No. 1, and that the court decline to issue a certificate of appealability.  We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

3

IT IS SO ORDERED.

Dated:   July 31, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

4