UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSH D. THOMAS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>C. KOENIG,<br><br>　　　　　　Respondent. | No. 1:20-cv-01032-NONE-HBK<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, CONSTRUING PETITION AS MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS IN CASE NO. 1:20-cv-00996-NONE-JLT AND DENYING THAT MOTION AS MOOT AND TO CLOSE CASE</u><br><br>(Doc. No. 5) |

　　　　Petitioner Hosh D. Thomas, a state prisoner proceeding without counsel, has petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) In this federal habeas proceeding, petitioner challenges his state court judgment of conviction, claiming trial court error and ineffective assistance of counsel. (*Id*.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge. On July 31, 2020, the assigned magistrate judge recommended that this habeas petition be dismissed as second or successive because petitioner currently has another petition pending before the court in Case No. 1:20-cv-00996-NONE-JLT ("996 Petition"). (Doc. No. 5.) Petitioner has not filed any objections to the pending findings and recommendations despite being given the opportunity to do so.

/////

1

Pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has reviewed this case *de novo*. For the following reasons, the court declines to adopt the findings and recommendations.

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (quotations and citation omitted). However, the Ninth Circuit has held that where a new habeas petition is filed while one is pending before the district court, the new petition should be treated as a motion to amend the pending petition. *Id.* at 890. "The district court then has the discretion to decide whether the motion to amend should be granted." *Id.*

Of course, federal courts also "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).

Here, the claims presented in petitioner's two petitions are the same. There are minor differences in wording, the petitions were submitted on different versions of a court-produced form habeas petition, and petitioner included an attachment with this petition that appears to be part of an appellate brief—but there are no differences between the two petitions as to the grounds for federal habeas relief asserted therein. Because of that, this petition is not second or successive but is instead either a duplicative filing that should be dismissed without prejudice on that ground or a constructive motion to amend the earlier-filed habeas petition.

In the 996 Petition, petitioner alludes to having sent his "Federal petition last week," presumably a reference to the petition filed in this action, which was received by the court later in time. (No. 1:20-cv-00996-NONE-JLT, Doc. 1 at 14.) Regardless, the court will treat the instant petition as a motion to amend the 996 Petition due to the attachment included with the petition filed in this action that presents arguments relevant to the earlier petition. However, petitioner has moved in No. 1:20-cv-00996-NONE-JLT to withdraw the 996 Petition on the ground that he

2

1 needs to "exhaust . . . issues to avoid [a] mixed petition."  The respondent does not oppose, and the magistrate judge has issued findings and recommendations recommending that the earlier petition be dismissed without prejudice.  (*See* No. 1:20-cv-00996-NONE-JLT, Doc. Nos. 17, 18, 19.)  While the court has not yet conducted a *de novo* review of those findings and recommendations, based on the posture of that case, the court denies as moot petitioner's constructive motion to amend his petition in No. 1:20-cv-00996-NONE-JLT.

        Accordingly, the court ORDERS as follows:

1. The court DECLINES to adopt the findings and recommendations issued on July 31, 2020 (Doc. No. 5);
2. The court treats the petition in this case as a constructive motion to AMEND the petition in No. 1:20-cv-00996-NONE-JLT;
3. The court DENIES AS MOOT the motion to amend the petition for writ of habeas corpus in No. 1:20-cv-00996-NONE-JLT; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:  **January 8, 2021**                              *Dale A. Drozd*
                                                           UNITED STATES DISTRICT JUDGE